UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William Richard Iverson,

Petitioner,

vs.

State of Minnesota, and
Warden Jessica Symmea,

Respondents.                    Civ. No. 07-982 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), on the Petitioner's request for Habeas Corpus relief under Title 28 U.S.C. §2254.  The Petitioner appears pro se, and the Respondent appears by Kelly S. Kemp, Assistant Minnesota Attorney General.[1]

---

[1] Kelly S. Kemp replaces Assistant Minnesota Attorney General Kari Joe Ferguson, who withdrew as counsel of Record for Respondent on April 25, 2007.
(continued...)

For reasons which follow, we recommend that Count One of the Petition for Habeas relief be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, which provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As to the Petitioner's second ground for relief, we defer any decision until the parties have a chance to brief the issues, which have only now become ripe for the Court's consideration.

## II. Factual and Procedural Background

The Petitioner is a State prisoner who is presently serving a 200-month sentence for assault and burglary, at the Minnesota Correctional Facility, in Oak Park Heights, Minnesota ("MCF-Oak Park"). See, Affidavit of Kari Jo Ferguson, Docket No. 11-3, at p. 22. In October of 2004, the Petitioner filed a Petition for Writ of Habeas Corpus in the State District Court for Washington County. See, Affidavit of Kari Jo Ferguson, Docket No. 11, at Ex. A. In that Petition, the Petitioner did not challenge the underlying criminal conviction, which serves as the basis for his incarceration, but

---

[1](...continued)
See, Docket No. 22.

alleged that his right to Due Process had been violated in four (4) inmate disciplinary proceedings that took place at MCF-Oak Park because, as a mentally ill prisoner, he was not provided with a representative, and because those Disciplinary Hearings resulted in the addition of time to his period of incarceration.[2]

By Order dated December 30, 2005, the Trial Court denied the State Habeas Petition. See, <u>Affidavit of Ferguson</u>, supra at Exhibit C, p. 61. The Court found that, during September and October of 2003, the Petitioner was charged with committing several violations of the disciplinary regulations at MCF-Oak Park, which resulted in four (4) separate disciplinary proceedings. <u>Id.</u> The Court noted that MCF-Oak Park has a procedure for disciplinary proceedings, which requires an initial determination that the alleged offender has the ability to explain his version of the incident, to understand the proceedings, to assist in his defense, and to understand the consequences of the proceeding. <u>Id.</u> at p. 62.

The Record reflected that, because of the Petitioner's mental health issues, on September 18, 2003 -- which was prior to the first Disciplinary Hearing -- the Petitioner

---

[2]According to the Respondent, in 2003, an inmate had one (1) day added to his period of incarceration for every three (3) days that he was on segregation status. See, <u>Affidavit of Kari Jo Ferguson</u>, <u>Docket No. 11-3</u>, at Exhibit B, "Affidavit of Mike Green," at p. 14.

was referred for a mental health evaluation by Dr. Lowell Parsons, who is a clinical psychologist, so as to determine whether he was competent to have a fair Hearing.  Id. On examination, Dr. Parsons determined that the Petitioner was competent to have a fair Hearing, and continued to monitor the Petitioner from time to time thereafter.  Id. Although MCF-Oak Park regulations permit an alleged offender to retain a third person, including an attorney, to represent him at a Disciplinary Hearing, those regulations place the responsibility for obtaining such a representative on the purported offender, and the Petitioner was unable to obtain free legal representation.  Id.

At the Disciplinary Hearings, the Petitioner was found guilty of violating several disciplinary regulations, which resulted in his being placed in segregation status, as well as a lengthening of his period of incarceration.  Id.  On review of the State Petition, the Court found that the Petitioner's Due Process rights had not been violated because he was not entitled to have an attorney present at disciplinary proceedings, and because he had been determined to be competent to participate in those Hearings on the basis of a contemporaneous evaluation by an experienced, professional psychologist.  Id.

In February of 2006, the Petitioner appealed the decision of the Trial Court to the Minnesota Court of Appeals.  Id. at Exhibit D.  The Court of Appeals ordered the Petitioner either to pay the $500.00 filing fee, or to obtain and file an Order from the

Trial Court authorizing him to proceed in forma pauperis ("IFP") in connection with his appeal.  Id. at p. 66.  By Order dated March 30, 2006, the Court noted that the Petitioner had not yet filed a copy of the Trial Court's ruling on his application to proceed IFP, see, id. at pp. 67-68, and on April 12, 2006, having received neither the $500.00, nor a ruling from the Trial Court, the Court of Appeals dismissed the Petition for failure to comply with the Court's Orders.  Id. at Exhibit F.  In its Order dismissing his Petition, the Court of Appeals gave the Petitioner the opportunity to reinstate his appeal by submitting the $500.00 filing fee, and proof of service.  Id.  The Petitioner failed to properly file a Motion to reinstate his appeal.  Id. at Exhibit G.

On February 8, 2007, the Petitioner filed his current Petition for Federal Habeas Corpus relief under Section 2254.  Construed liberally, the Petition raises two grounds for relief:

> 1)     That the Petitioner was deprived of due process where he, as a mentally ill person, was denied counsel at disciplinary proceedings for minor infractions that resulted in loss of good time.

> 2)     That a Minnesota State Court, in an Order dated December 29, 2006, erred in committing him as mentally ill and ordering the involuntary administration of neuroleptic medication.

In response, the Respondent requests dismissal of this Petition for three (3) reasons: 1) the Petitioner failed to exhaust his State Court remedies as to his claim of unlawful commitment and medication; (2) the Petitioner is procedurally defaulted from raising a Due Process claim; and 3) the Petitioner's Due Process claim fails on its merits. See, Memorandum in Opposition to Petition for Writ of Habeas Corpus, Docket No. 8, at p. 7-9.

With respect to the Petitioner's second ground for relief, by Order dated December 26, 2006, the Petitioner was committed to the Mental Health Unit ("MHU") of MCF-Oak Park for six (6) months, and the Medical Director of the MHU was authorized to administer neuroleptic medications as necessary. See, Affidavit of Krista Gunn, Docket No. 10. The Petitioner did not file a Complaint, or a Petition for Habeas Corpus challenging that Order but, on February 6, 2007, he filed an appeal of that Order, see, In the Matter of the Civil Commitment of William Richard Iverson, 2007 WL 2178064 (Minn. App., July 31, 2007), which was argued before the Court of Appeals, after the Respondent submitted its Return to the Federal Petition in this Court. See, Affidavit of Richard Hodsdon, Docket No. 9.

On July 31, 2007, the Court of Appeals issued a decision that affirmed the Trial Court's Order committing the Petitioner as mentally ill, and authorizing the involuntary

administration of neuroleptic medication.  See, In the Matter of the Civil Commitment of William Richard Iverson, supra at *3.  On September 18, 2007, well after the briefing in this case, the Minnesota Supreme Court denied review of the Court of Appeals' decision.

### III.  Discussion

A.   Exhaustion and Procedural Default.

1.   Standard of Review.  It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies.  See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982); see also, Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting Title 18 U.S.C. §2254(b)(1)(A).

The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by State prisoners. See, O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66

(1995); <u>Rose v. Lundy</u>, supra at 518-19; <u>Curtiss v. Mount Pleasant Correctional Facility</u>, 338 F.3d 851, 55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002).

In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court. See, <u>O'Sullivan v. Boerckel</u>, supra at 845; <u>Duncan v. Henry</u>, supra at 365-66; see also, <u>Dixon v. Dormire</u>, 263 F.3d 774, 777 (8th Cir. 2001); <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). The exhaustion of State remedies requires more than the fact that the Federal Habeas applicant has been through the State Courts. See, <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).

To serve the purposes of the rule, the State Courts must have the first opportunity to hear the claim, which is sought to be vindicated in a Federal Habeas proceeding. <u>Id.</u> at 275-76. The State Court has an opportunity to hear a claim, when

the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 (1999); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id. "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Id.; see also, Abdullah v. Groose, supra at 412, citing Duncan v. Henry, supra at 366.

Under Minnesota law, "[o]nce a defendant has had a direct appeal, 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." Zenanko v. State, 587 N.W.2d 642, 644-45 (Minn. 1998), quoting State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). If the Petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. See, Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996), citing Coleman v. Thompson, 501 U.S.

722, 735 n.1 (1991).  In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review.  See, Coleman v. Thompson, supra at 750; Sloan v. Delo, supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989).  A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is firmly established and regularly followed. See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), cert. denied, 517 U.S. 1124 (1996), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, supra at 262 ("[A]n adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim.").

Although the State Court procedural bar is "nearly absolute," a Petitioner can avoid the bar if he "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law," or shows his actual innocence.  Cagle v.

Norris, 474 F.3d 1090, 1099 (8th Cir. 2007), quoting Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002), citing in turn Coleman v. Thompson, supra at 750.

Furthermore, a Habeas Petitioner must exhaust his State Court remedies with respect to **all** of the claims that he wishes to raise in a Federal Habeas Corpus Petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion, or stayed, under certain circumstances, in order to allow the exhaustion of State remedies. See, Rose v. Lundy, supra at 510, 522; see also, Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005)("In order to determine whether a  pending exhaustion would be appropriate in this case, [petitioner] must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay."), citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

However, our Court of Appeals has also concluded that, "if no state court remedy is available for the unexhausted claims -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in §2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the

defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default' (or actual innocence, which is not at issue in this case)."  Armstrong v. State of Iowa, supra at 926, quoting Gray v. Netherland, 518 U.S. 152, 162 (1996). If a petitioner cannot provide cause and prejudice for his default, in the absence of a claim of actual innocence, a Federal District Court can "properly dismiss[] [the petitioner's] federal claims **with** prejudice."  Id., supra at 927 [emphasis in original].

      2.  Legal Analysis.  As to his first ground for relief, the Petitioner alleges that his right to Due Process was violated when he was denied counsel during inmate disciplinary proceedings at MCF-Oak Park, and when time was added to his sentence as a result of those Hearings.[3]  The Respondent asserts that the Due Process claim is procedurally defaulted, as the Minnesota Court of Appeals dismissed his appeal when the Petitioner failed to pay the filing fee, or to obtain an Order from the

---

[3]Although it is not clear from the Federal Habeas Petition, the Petitioner may also be attempting to raise claims regarding additional disciplinary proceedings which were not raised in his State Habeas Petition, and which do not appear to have been exhausted.  See, Petitioner's Informal Brief/Argument, Docket No. 14, and Addendum to Informal Brief, Docket No. 15, at p. 5.  Given the lack of clarity in the present Petition, the Respondent did not address those claims, and we find that, if the Petitioner is in fact raising claims as to those proceedings, they have not been properly exhausted in the State courts, and therefore, should be dismissed without prejudice.

State Court authorizing him to proceed IFP.  As for the second ground, the Petitioner alleges that he was unlawfully committed to the MHU at MCF-Oak Park, and was forcibly medicated.  The Petitioner's appeal of that matter was pending before the Minnesota Court of Appeals at the time the Respondent filed its brief, and so the only objection voiced by the Respondent, as to ground two, is that the Petitioner's remedies had not, as of that date, been exhausted.

        a.    <u>Ground One: Violation of Due Process</u>.  As noted, the Trial Court dismissed the Petitioner's State Petition for Habeas Corpus on substantive grounds, see, <u>Affidavit of Ferguson</u>, supra at Exhibit C, p. 61-63, and did not authorize Petitioner to proceed IFP before the State Court of Appeals because it found that his appeal was frivolous.  <u>Id.</u> at Exhibit F, ¶ 4.  Although the Petitioner was given the opportunity to file a Motion to reinstate the appeal upon the payment of the filing fee, the Petitioner did not do so by the deadline set by the Minnesota Court of Appeals,  and the Court dismissed his claim on April 13, 2006.  <u>Id.</u> at Exhibit G.  As a consequence, we find that Petitioner's Due Process claims are procedurally defaulted because the Minnesota Court of Appeals would now dismiss an appeal as untimely.

Minnesota Statutes Section 589.29 provides as follows:

> A party aggrieved by the final order in proceedings upon a writ of habeas corpus may appeal to the Court of Appeals as in other civil cases, except that no bond is required of the appellant.  Upon filing notice of appeal with the court administrator of the district court, and payment of filing fees, the court administrator shall make, certify, and return to the clerk of the appellate courts copies of the petition, writ, return of respondent, answer, if any, of the relator, and the order appealed from.

Rule 104.01, Subdivision 1, Minnesota Rule of Civil Appellate Procedure, further provides:

> Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing.

The Petitioner initially filed his appeal of the Order denying Habeas relief on February 2, 2006.  Affidavit of Ferguson, supra at Exhibit D.  The Minnesota Court of Appeals allowed the Petitioner until April 26, 2006, to reinstate that appeal by filing a Motion with the proper filing fee.  Id. at Exhibit F.  It is now far beyond the deadline by which the Court of Appeals would have reinstated the appeal, and well beyond the sixty (60) day time period for appealing the Order of the Trial Court.

The Petitioner may believe that the Court of Appeals misapplied the requirements of Minnesota Statutes Section 589.29, and Rule 104.01, Subdivision 1,

Minnesota Rules of Civil Appellate Procedure, in dismissing his State Habeas Petition for failure to either pay a filing fee, or obtain leave of the Trial Court to proceed IFP, but that is a complaint that cannot properly be considered here, because "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994).  In Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001), cert. denied, 535 U.S. 935 (2002), our Court of Appeals recognized that "it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law."

The same rule was also followed in Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000), cert. denied, 534 U.S. 903 (2001).  There, a State Appellate Court had ruled that a claim was not properly raised, and preserved, for appellate review.  Our Court of Appeals rejected the suggestion that the State Court had erroneously applied the State's own procedural rules, explaining as follows:

> We are obliged to respect the conclusion of the Missouri Supreme Court here.  A federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis.

Id.

In <u>Clemons v. Luebbers</u>, supra at 751, our Court of Appeals again rejected a Habeas challenge to the validity of a State procedural bar, pointing out that "federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim." See also, <u>May v. Iowa</u>, 251 F.3d 713, 716 (8th Cir. 2001)("[W]e may not disturb a state court decision interpreting state law on habeas review * * * [citation omitted] and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims").  Therefore, it is clear that this Court cannot review, and overturn, the Minnesota Court of Appeals' determination that the Petitioner's Due Process claims, which were raised in his State Habeas Petition, were barred by the requirement that he pay his initial filing fee, or obtain leave of the Trial Court to proceed IFP.

The only remaining issue to resolve is whether the Petitioner has shown cause and prejudice to excuse his procedural default.  A claim that has been procedurally defaulted in the State Courts will not be entertained in a Federal Habeas proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the Federal Court declined to consider the claim.  See, <u>Coleman v. Thompson</u>, supra at

750.  "It is well-established that federal courts will not address procedurally defaulted claims on the merits unless a petitioner can show either cause and prejudice to excuse the default or actual innocence."  Schliemann v. Fabian, supra at *3, citing Clemons v. Leubbers, 381 F.3d 744, 750 (8th Cir. 2004); Reagan v. Norris, supra at 656; Carney v. Fabian, supra at 1023, citing Coleman v. Thompson, supra at 750. We conclude that the Petitioner is unable to satisfy the cause and prejudice standard with respect to his procedurally defaulted Due Process claim.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the State's highest Court in a timely and procedurally proper manner.  See, Coleman v. Thompson, supra at 753 ("[C]ause under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him * * *  [f]or example, a showing that the factual or legal basis for a claim was not reasonably available * * * or that some interference by officials made compliance impracticable.")[emphasis in original], quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).

The Petitioner appears to argue he could not earn enough money to pay the filing fee because he is unable to work while he is committed to the mental health unit at MCF-OPH.  See, Addendum to Informal Brief, Docket No. 15, at p. 37.  While this

- 17 -

may be true, the Petitioner could have appealed the Trial Court's denial of his IFP application, which was denied on the basis that his appeal was frivolous. Specifically, Rule 109.02(b), Minnesota Rules of Civil Appellate Procedure, allows a party, within ten (10) days of the Trial Court's denial of IFP status, to serve and file a Motion in the Court of Appeals for review of the Trial Court's Order. The Petitioner did not file any such Motion. As a consequence, we conclude that the Petitioner has not satisfied the "cause" prong of the "cause and prejudice" standard so as to excuse his procedural default, and this claim should be dismissed as procedurally barred.[4]

      b.    <u>Ground Two: Civil Commitment and Medication Claim</u>. For his second ground for relief, the Petitioner alleges that he was unlawfully committed to the MHU at MCF-Oak Park, and was forcibly medicated against his will. In its

---

[4]Since the Petitioner has plainly failed to satisfy the cause requirement as to his Due Process claim, it is unnecessary to consider the prejudice component. See, <u>Ashker v. Class</u>, 152 F.3d 863, 871 (8th Cir. 1998)(when a Habeas petitioner "has not shown adequate cause to overcome the procedural bar * * * we need not consider the issue of actual prejudice"); <u>Sweet v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same). Nevertheless, we find no reason to believe that the Petitioner could satisfy the prejudice requirement, as to his Due Process claim.

Moreover, we note that Petitioner has not argued his actual innocence of the disciplinary regulation violations, and therefore, we need not address whether the actual innocence doctrine would excuse a procedural default where the Petitioner is challenging an increased period of incarceration, that results from a prison disciplinary proceeding, as opposed to a challenge to his underlying conviction.

Return, the Respondent had argued that we should dismiss the Petition, as to Ground Two, for failure to exhaust, as the Petitioner's appeal for civil commitment, and for involuntary administration of medicine, was pending before the Minnesota Court of Appeals. Since the Respondent filed its Return, the Minnesota Court of Appeals has denied the Petitioner's appeal, by Order dated July 31, 2007, and the Minnesota Supreme Court denied review of that decision on September 18, 2007, making its decision as to the merits of these claims final.

As we have addressed, a Federal Court will not entertain a Petition for Habeas relief on behalf of a State prisoner, unless the prisoner has first exhausted all available State Court remedies.  See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, supra at 842.  To exhaust remedies available in the State Courts, State prisoners must give the State Courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  See, O'Sullivan v. Boerckel, supra at 845.  When a State has a two-tiered appellate review system, a prisoner must exhaust both appellate levels before presenting his claims in Federal Court.  O'Sullivan v. Boerkel, supra at 845.  This is true even when a State does not afford a "right" to review by its highest Court but only offers an opportunity to present claims for discretionary review.  Id.

- 19 -

As it now appears that the Petitioner has exhausted his State Court Remedies as to the second ground for Habeas relief, and since the Respondent has not briefed that issue on its merits, we find that the better course is to allow the Respondent to brief the issue, to afford the Petitioner an opportunity to respond to the Respondent's briefing, and then to consider the parties' briefing in reaching a recommended disposition.

NOW, THEREFORE, It is –

RECOMMENDED:

1.      That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice as to Ground One, which alleges a violation of Due Process, because the issue has been procedurally defaulted.

2.      That, with respect to Ground Two of the Petition, which alleges an unlawful civil commitment, as well as the involuntary administration of medication, be deferred for further briefing to address the merits of that claim.

BY THE COURT:

Dated:  October 30, 2007

s/Raymond L. Erickson

Raymond L. Erickson

- 20 -

CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 19, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 19, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

- 21 -